# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **LAURA D. BROOMFIELD,** | )<br>) |
| **Plaintiff,** | )<br>) |
| v. | )<br>)<br>) Civil Action No. 1:21-cv-04392-LMM-JKL |
| **COSTAR REALTY INFORMATION, INC.,** | )<br>)<br>) |
| **Defendant.** | )<br>)<br>) **Jury Trial Demand** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff Laura D. Broomfield (hereinafter "Plaintiff") by and through her undersigned counsel, and files this lawsuit against Defendant CoStar Realty Information, Inc. (hereinafter "Defendant" or "CoStar") pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII") and 42 U.S.C. § 1981, and in support thereof would further state as follows:

## INTRODUCTION

1. This is an action which arises pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII") and 42 U.S.C. § 1981 and in particular the prohibition of employment discrimination based on religion.

2. Defendant employed Plaintiff as a Technical Support Analyst with CoStar Group based in Atlanta, Georgia.

3. During the employment of Plaintiff, Defendant committed violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII") and 42 U.S.C. § 1981 by failing to accommodate Plaintiff's requested reasonable accommodation based upon her Religion and for subsequently terminating her employment on September 20, 2021.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

5. Venue is proper in the Northern District of Georgia under 28 U.S.C. §1391 (a) and (c) because a substantial part of events or omissions giving rise to the claims occurred within the jurisdiction of this Court and because Defendant is located in this District and is subject to personal jurisdiction in this District.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII") and 42 U.S.C. § 1981 and in particular the prohibition of employment discrimination based on religion.

## ADMINISTRATIVE PROCEDURES

7. All conditional precedents to jurisdiction under§ 706 of Title VII, 42 U.S.C. § 2005e-5 have occurred or have been complied with:

   a. Plaintiff filed a Charge of Discrimination on the basis of Religion with the Equal Employment Opportunity Commission ("EEOC") on September 23, 2021, within 180 days of the commission of the unlawful employment practices alleged therein (EXHIBIT A);

   b. Notification of Right to Sue on the Charge of Discrimination was issued by the EEOC to Plaintiff's attorney by email on October 15, 2021 (EXHIBIT B); and

   c. This Complaint is filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

## PARTIES

8. Plaintiff resides in Atlanta, Georgia.

9. Plaintiff is a citizen and resident of Fulton County, Georgia.

10. Plaintiff is a follower of the Kemetic Religion.

11. Plaintiff was employed by Defendant in its CoStar Group as a Technical Support Analyst based at its Atlanta office located at 3438 Peachtree Rd NE #1500, Atlanta, GA 30326, but working remotely from her home.

12. Defendant is a Foreign Profit Corporation with a principal office address of 1331 L Street NW, Washington, DC, 20005, USA and is an "employer" subject to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII") and 42 U.S.C. § 1981ADEA and employs more than 15 regular employees.

13. Defendant conducts business within this State and District.

14. Defendant is a provider of information, analytics and marketing services to the commercial property industry in the United States and elsewhere.

15. Defendant is subject to the jurisdiction and venue of the Court and may be served by serving a copy of the Complaint upon Defendant's Registered Agent Corporation Service Company at 2 SUN COURT, SUITE 400, PEACHTREE CORNERS, GA, 30092.

16. Defendant maintained either actual or constructive control, oversight and direction of Defendant's business, including the employment and pay and other practices of those operations of Defendant.

## FACTUAL ALLEGATIONS

17. Defendant is a Foreign Profit Corporation.

18. Defendant's CoStar Group, with its headquarters in Washington, D.C., is a provider of information, analytics and marketing services to the commercial property industry in the United States, Canada, the United Kingdom, France, Germany, and

4

Spain.

19. Defendant hired Plaintiff to work in its CoStar Group (effective March 23, 2020, as a Technical Support Analyst, based from its Atlanta, Georgia office located at 3438 Peachtree Rd NE #1500, Atlanta, GA 30326 (the "Atlanta Office").

20. On March 23, 2020, Plaintiff visited the Atlanta Office of CoStar Group to pick up a company computer, provide 2 forms of ID and set up her remote VPN Ping access.

21. Thereafter, until the termination of her employment on September 20, 2021, Plaintiff solely worked remotely from her home, having never again visiting any of Defendant's offices.

22. Plaintiff's original annual salary was $68,000.

23. On February 14, 2021, Plaintiff's salary was increased to $70, 040 as a result of a "Merit Compensation Change."

24. Then on July 18. 2021, Plaintiff's salary was again increased this time to $75,000 as result of a "Promotion Compensation Change."

25. In Plaintiff's "2020 CoStar Annual Performance Review – CREM" (the "Review") Plaintiff's Manager, Kyle Gause, gave Plaintiff a rating of "4 – Exceeded Expectations."

26. In the Comments section of the Review, Kyle Gause wrote as follows:

> Laura, you have been a strong member of the team since you came aboard in March of 2020. Your ability to get up to speed so quickly has been astounding and you have made an immediate positive impact on my team and in this department. Your ability to close cases quickly has been really strong and I really look forward to what you do in 2021. I believe the sky is the limit for you when you gain full confidence in this position and your given abilities. In 2021 I look to you to mentor our new hires and help them to develop into employees that display your work ethic. In 2021 please focus more on your work-life balance and don't work after hours to keep up with your cases.

27. On April 19, 2021, CoStar's CEO, Andrew Florance, sent an email to "CoStar All," referring to the Covid 19 pandemic, stating in part "[g]etting vaccinated is safe . . ." encouraging employees to "Get vaccinated"

28. On April 20, 2021, Defendant's Andy Thomas sent an email stating in part ". . . very exciting to see so many people getting vaccinated, and I suspect I will see you at the office in the coming days and weeks."

29. Also on April 20, 2021 Andy Thomas in an email stated in part " . . . if you meet the requirements of being at least 2 weeks past your 1st Covid vaccine . . . you are eligible to come to the office."

30. On July 2, 2021 Andy Thomas in an email wrote in part **"#2 If you have not updated your vaccination card and are not yet eligible to return to the office**, then please use one of these processes to b[ge]in the accommodation request process."

31. In that same email, Andy Thomas wrote " [f]or any other accommodation [other than medical], please click here, then double click the Workday Icon and follow the

6

steps listed. NOTE: Additional information may be requested."

32. On July 9, 2021, Defendant's Louie Ingle sent an email which provided instructions, if you were not vaccinated, for submitting any Exceptions Request to HR for an exception and approval.

33. On July 9, 2021, Plaintiff submitted a 5 page typed accommodation request (Plaintiff's "Initial Request") to Defendant stating in part "I Laura Broomfield, sincerely affirm that vaccination is contrary to my sincerely held religious beliefs . . ."

34. Included with Plaintiff's Initial Request were attached more than 10 documents to support her request for an accommodation based on a sincerely held religious belief.

35. In an email on July 21, 2021, Defendant's Anitra Dixon wrote "We received your Covid Accommodation Request [Plaintiff's Initial Request]. I understand that you have submitted documents via Workday, however, we need the Religious Accommodation Form completed which is attached. Please return by COB Friday, July 23, 2021."

36. Later that same day Plaintiff sent an email to Anitra Dixon with the completed Religious Accommodation Form.

37. In an email on September 1, 2021, Anitra Dixon wrote in part to Plaintiff "[w]e have reviewed your request for an accommodation and have determined that, while we respect your beliefs, based on the nature of your position, the business is unable to

accommodate your request for extended remote work because it would cause an undue hardship to the business."

38. On a *Microsoft Teams* meeting with two of Defendant's management employees on September 20, 2021, Plaintiff's employment was terminated effective that day.

39. It was noted by said employees that Plaintiff was eligible for re-hire had done a great job while employed, was very professional, and was thanked for that.

40. It was also reiterated that Plaintiff's Request for a Reasonable Accommodation was being denied as it would cause an undue hardship on the company and her position was an in-office position.

## COUNT I
## FAILURE TO PROVIDE A REASONABLE ACCOMMODATION

41. Plaintiff repeats and incorporates by reference Paragraphs 1- 40 herein.

42. Defendant intentionally and unlawfully discriminated against Plaintiff with respect to her compensation, terms, conditions or privileges or employment by refusing to provide Plaintiff's the reasonable accommodation of continuing to work remotely.

43. Wherefore, Plaintiff demands lost wages, emotional distress compensation, compensatory damages, punitive damages, and the costs of this action, including attorneys' fees and expenses, and all other just and proper relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, pursuant to 42 U.S.C. § 12101 et seq. prays for the following relief:

- Reinstatement

- Back pay

- Front pay

- Retroactive seniority and benefits

- Compensatory and punitive damages

- Attorneys' fees and costs, and

- That Plaintiff be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which she may be entitled.

Respectfully submitted this 22nd day of October, 2021.

MARTIN & MARTIN, LLP
By: /s/ Thomas F. Martin
Thomas F. Martin
tfmartinlaw@msn.com
Georgia Bar No. 482595
Kimberly N. Martin
kimberlymartinlaw@gmail.com
Georgia Bar No. 473410
Post Office Box
1070 Tucker, Georgia 30085
(770) 344-7267